## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CLIFFORD DEES,

       Petitioner

vs.                                       No. CIV-02-0837 LH/WDS

JOE WILLIAMS, Warden,

       Defendant.

### MAGISTRATE JUDGE'S PROPOSED
### FINDINGS AND RECOMMENDED DISPOSITION[1]

    1.      This matter comes before the Court on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 by a Person in State Custody, filed July 11, 2002.  Petitioner is currently incarcerated and is proceeding *pro se* and *in forma pauperis*.  He is confined pursuant to the Judgment, Sentence and Commitment of the Fifth Judicial District Court in Chavez County of Second Degree Murder with Firearm Enhancement and Tampering with Evidence following a Plea and Disposition Agreement.  Petitioner was sentenced to a total incarceration period of thirty-three and one-half years (33 ½) years to be followed by a two year period of supervised parole.

    2.      Petitioner filed a Petition for Writ of Habeas Corpus in the Chavez County District Court on January 18, 2002.  That petition was denied by District Court Judge Alvin Jones on January 30, 2002.  After receiving an extension of time to file his petition from the New Mexico Supreme

---

[1]

  Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections in the United States District Court to the Proposed Findings.  A party must file objections within the ten-day period if that party wants to have appellate review of the Proposed Findings.  If no objections are filed, no appellate review will be allowed.

Court, Petitioner filed a Petition for Writ of Certiorari on March 22, 2002. The petition was denied on April 8, 2002.

3.      In his petition filed with this Court, Petitioner alleges eight grounds for relief. Respondent concedes that five of the grounds had previously been raised in his state petitions and therefore have been exhausted. Those grounds alleged by Petitioner are that Petitioner received ineffective assistance of counsel; that his conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge or the consequences of the plea; that his conviction was obtained by use of a coerced confession; that his conviction was obtained by use of evidence obtained pursuant to an unlawful search and seizure; and, that his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him.

4.      Petitioner also alleges that he was denied the right of appeal, that his conviction was obtained by evidence obtained pursuant to an unlawful arrest and that there was an unconstitutionally impaneled jury. Although Respondent does not concede that these grounds have been exhausted, this Court finds that Petitioner's allegation that his conviction was obtained by evidence obtained pursuant to an unlawful arrest has been exhausted as it was raised in his state habeas petitions and is therefore, properly before this Court. Exhibits to Application For a Writ of Habeas Corpus. However, the other two grounds for relief remain unexhausted.

5.      "If a habeas petition contains both exhausted and unexhausted claims we may reach the merits to deny the unexhausted claim, *see, Miranda v. Cooper*, 967 F.2d 392, 400 (10th Cir. 1992), or dismiss the entire petition to allow Petitioner to return to state court to pursue his state court remedies." *Brown v. Shanks,* 185 F.3d 1122, 1125 (10th Cir. 1999). As the court in *Granberry*

2

*v. Greer*, 481 U.S. 129, 133 (1987) reasoned, "if the court of appeals is convinced that the petition has no merit, a belated application of the exhaustion rule might simply require useless litigation in the state courts." As this Court will explain, all of Petitioner's claims are without merit.

6.      It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1994). "A guilty plea represents a break in the chain of events which has preceded it in the criminal process." *U.S. v. Davis*, 900 F.2d 1524, 1526 (10th Cir. 1990). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards [required by the Sixth Amendment]. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

7.      The two-prong test announced in *Strickland v. Washington*, 466 U.S. 668 (1984) governs ineffective assistance of counsel claims. *E.g. Mayes v. Gibson,* 210 F.3d 1284 (10th Cir. 2000). Petitioner must show both (1) that counsel's performance was deficient and (2) that this deficiency prejudiced his defense. *Strickland,* 466 U.S. at 687. An ineffective assistance of counsel claim fails if either of the *Strickland* prongs are not met.

8.      Petitioner must first show that counsel's representation was "objectively unreasonable." *E.g. Clayton v. Gibson,* 199 F.3d 1162, 1177 (10th Cir. 1999). In doing so, he must overcome the strong presumption that counsel's conduct falls within the wide range of competence demanded of attorneys in criminal cases. *Gillette v Tansy*, 17 F.3d 308, 310 (10th Cir. 1994). This

Court must consider all the circumstances, making every effort to "eliminate the distorting effects of hindsight," and to "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.   To be constitutionally ineffective, counsel's conduct "must have been completely unreasonable, not merely wrong." *Moore v. Gibson,* 195 F.3d 1152, 1178 (10th Cir. 1999). Moreover, the Court is mindful that "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Stano v. Dugger,* 921 F.2d 1125, 1151 (11th Cir. 1991).

9.     Petitioner must also demonstrate that he was prejudiced as a result of his counsel's deficient performance.  To demonstrate prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's errors "he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 559 (1985).  A petitioner's mere assertion that he would have opted for trial is not enough to satisfy the prejudice prong.

10.    On August 2, 2001, Petitioner appeared before the Honorable Alvin Jones and pled guilty to Second Degree Murder with Firearm Enhancement and Tampering with Evidence.  Record Proper 85 - 89.  Petitioner was represented by Thomas Dow, Assistant Public Defender with the New Mexico Public Defender's office who had entered his appearance in the case on November 3, 2000. RP29.  At the plea hearing, Judge Jones satisfied himself that the Petitioner understood the charges pending against him and the range of possible sentences for the offenses charged.  RP88-89; August 2, 2001 tape recording of plea hearing.   Judge Jones also reviewed with Petitioner his constitutional rights that he would be giving up if he pled guilty and established a factual basis for Petitioner's plea.

Id.  Petitioner admitted that on July 21, 2000, he killed Jose Lupe Alderette and Miguel Macias with a Firearm.  Id.  He also admitted to destroying a vehicle owned by Alderette with the intent to prevent his apprehension, prosecution or conviction.  Id.  Petitioner also stated that he understood the plea agreement, consented to its terms, that it was voluntary and not the result of force, threat or promise and, that under the circumstances, it was reasonable for him to plead guilty.  Id.

11.     In the formal plea agreement signed by Petitioner,  he acknowledged that he was waiving "any and all motions, defenses, objections or requests which he has made or raised, or could assert hereafter, to the court's entry of judgment against him and imposition of a sentence upon him..."  RP86-87.  Petitioner also waived the right to appeal his conviction.  Id.  Finally, Petitioner acknowledged that he had discussed his case and constitutional rights with his lawyer.  Id.

12.     "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  *Hill v. Lockhart,* 474 U.S. 52, 56 (1985), *quoting North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  Petitioner alleges that his plea was "unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea."  Specifically, he argues that his attorney told him that if he didn't plea he would do 67 ½ hard years, that the new DA would not offer a plea and that he would seek the death penalty, that his lawyer never discussed in detail with him any of the evidence against him, that his lawyer never disclosed the results of a ballistics test and a DNA test, that his lawyer only saw him approximately five times in almost eleven months, that his lawyer never reviewed Petitioner's constitutional rights with him and that his lawyer never fully explained the choice of going to trial or accepting a plea.  However, these conclusory allegations are insufficient to overcome the statements Petitioner made during the plea hearing and

5

the findings by the court. *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996) ("representations of the defendant . . . as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceeding. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal as are contentions that in the face of the record are wholly incredible."); *United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996) (allegations that counsel and co-defendants pressured for a plea "do not vitiate the voluntariness of his plea; it was still his choice to make. Indeed, the thorough exchange between the court and Appellant during administration of the Rule 11 protocol . . . clearly demonstrates that Appellant entered his plea willingly and voluntarily at the time he made it.").

13.     "A plea may not be voluntary when an attorney materially misinforms the defendant of the consequences of the plea or the court's probable disposition." *United States v. Laycock,* 880 F.2d 1184, 1186 (10th Cir. 1989). However, in this case, Petitioner has shown no prejudice from his attorney's alleged misrepresentations. As noted earlier, in order to demonstrate prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petitioner makes no showing that he would not have plead guilty and have insisted on going to trial had his attorney not made these alleged misrepresentations about his possible sentence. Accordingly, Petitioner fails to meet the second prong of the *Strickland* test to show that he received ineffective assistance of counsel.

14.     Petitioner also alleges that his counsel was ineffective in that he failed to pursue actions Petitioner requested; failed to conduct any investigation including alleged threats and coercion

by the Sheriff's Department and Petitioner's alleged illegal arrest and search and seizure of his property; failed to pursue Petitioner's allegation that he was under the influence of methamphetamine at the times of his arrest and confession; failed to review notes Petitioner made for him; failed to interview Petitioner's wife and stepson; failed to get Petitioner medical and mental health attention; and, failed to respond to calls and letters from Petitioner and his family.  Additionally, Petitioner alleges that his counsel was ineffective because Petitioner had to make numerous requests for disclosure and documents that he never received and that Petitioner had to go to court three times to sign the plea agreement because Petitioner "fell apart emotionally."   Again, these conclusory allegations fly in the face of the oral and written declarations of Petitioner during the plea process. Furthermore, Petitioner fails to make any showing why these alleged actions or non-actions on the part of his counsel, prejudiced him in any way.  Petitioner does not provide any argument, specificity or legal authority to support his claim.  He makes no showing that his attorney's performance was objectively unreasonable nor that he was prejudiced as a result of counsel's performance.  Petitioner does not even attempt to show that but for his counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial.

15.    Petitioner also alleges several other grounds for relief apart from his allegations that his counsel was ineffective and that his plea was not voluntarily made.  Those grounds are that his conviction was obtained by use of a coerced confession; that his conviction was obtained by use of evidence obtained pursuant to an unlawful search and seizure; that his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest and that his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the Petitioner.  These claims by Petitioner fail two reasons.  First and foremost, as noted earlier and stated by the Supreme

Court, "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson,* 411 U.S. at 267.  That is precisely what Petitioner is doing here.

16.     During his plea hearing and in his written plea agreement, Petitioner acknowledged that he was waiving any right to appeal.  The Plea and Disposition Agreement specifically stated that Petitioner was waiving "any and all motions, defenses, objections or request which he has made or raised, or could assert hereafter..."   "If guilty pleas are to continue to play an important role in our system of criminal justice, *see, Hill v. Lockhart,* 474 U.S. 52 (1985), their finality cannot be sacrificed whenever a defendant comes to regret his plea after sentencing."  *United States v. Lumpkins*, 845 F.2d 1444, 1451 (7th Cir. 1988).

17.     Secondly, as suggested by Respondents, these issues were decided on the merits by the state courts of New Mexico and Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of federal law as determined by the United States Supreme Court or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings as required by 28 U.S.C. § 2254(d).

18.     Finally, Petitioner raises two grounds for relief that have not been exhausted.  First, he alleges that he was denied the right to appeal and second, that an unconstitutionally impaneled jury violated his Fourth and Ninth Amendment rights.  However, Petitioner fails to present any facts whatsoever that would support either of these allegations in the petition filed with this Court or either of his State petitions.  Even construing these claims in the most liberal way, Petitioner has simply

8

failed to provide this Court with any information to assess these claims.  Furthermore, the allegations on their face, fail to make any recognizable claim.  As to the claim that Petitioner was denied the right to appeal, Petitioner waived any such right when he entered into the plea and disposition agreement. As to Petitioner's claim that an unconstitutionally impaneled jury violated his constitutional rights, the charges against Petitioner were brought pursuant to a Criminal Information and to which he then pled guilty.   There was no jury impaneled.

19.    Accordingly, I  recommend that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. §2254 by DENIED, and that this cause be dismissed with prejudice.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE